

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Alex Jung
County Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:

Opinion No. O-3489
Re: Sheriffs — Arrest, Commitment
and Release Fees.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I am submitting the following matter relative to fees of an arresting officer for your opinion, towit:

"**FACTS**

"An affray took place at a public dance hall, in which two parties participated. After the fight was over, the matter was brought to the attention of the Sheriff's deputy, Mr. Ersch, who filed a complaint in the Justice Court of Precinct No. 1, Gillespie County, against each participant. The deputy had called the attention of each party to the fact that he was going to file the complaints but did not actually take either into custody, nor did he take a bond. The deputy procured a warrant, but before he was able to serve it, one of the participants, acting upon the information that a complaint would be filed, voluntarily appeared before the Justice of the Peace, entered his 'plea of guilty' and paid his fine immediately upon pronouncement of the judgment — the deputy not being in attendance, in fact, no other arresting officer being in attendance at court.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Alex Jung, page 2

"Believing that the imparting of the information about his intention of filing the complaint by the deputy, etc., may have sufficed to constitute an arrest, the Justice of the Peace allowed the arresting fee of $2.00 but disallowed any fee for commitment or release. The deputy had made a return on the warrant, charging $2.00 for arrest, $1.00 for commitment and $1.00 for release.

"                    QUESTION

"(a) Was the deputy entitled to the $2.00 arresting fee in view of the fact that he did not have in his possession an actual warrant at the time he imparted the information about filing the complaint, presuming that the circumstances were such that the deputy can be said to have made the arrest without the warrant?

"(b) Was the deputy entitled to the $1.00 commitment fee solely because the judgment itself pronounced that the defendant be committed to the custody of the officer until his fine and costs be paid in view of the fact that the defendant offered to pay and did pay the fine and costs, excluding the commitment and releasing fees?

"(c) If the deputy was, under the facts stated, entitled to the commitment fee, was he automatically entitled to the fee for the release upon the theory that where there is a commitment there is bound to be a release?

"It is my opinion that the deputy was entitled to the arresting fees even though he had no warrant at the time of making the arrest, presuming the circumstances to be such that the acts of the deputy amounted to an arrest, but that where the defendant enters a plea of guilty and pays his fine and costs immediately upon rendition of the judgment, he is not entitled to fees for commitment and release, or either, because of the mere wording of the judgment.

"I will greatly appreciate your opinion in the matter at the earliest possible date."

Hon. Alex Jung, page 3

Article 1065, Vernon's Annotated Texas Code of Criminal Procedure, reads in part as follows:

"The following fees shall be allowed the Sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1.  For executing each warrant of arrest or capias, or making arrest without warrant, two dollars.

".  .  .

"5.  For each commitment or release, one dollar. . . ."

Article 1065, V. A. C. C. P., supra, prescribes fees to be paid sheriffs and other peace officers, conditioned upon the performance of certain acts.

"To entitle an officer to receive fees or commissions . . . he must have performed the services for which compensation has been specified." (34 Texas Jurisprudence, Sec. 113, p. 522.)

Article 1011, Vernon's Annotated Texas Code of Criminal Procedure provides:

"No item of costs shall be taxed for a purported service which was not performed or for a service for which no fee is expressly provided by law."

Article 239, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"A person is said to be arrested when he has actually been placed under restraint or taken into custody by the officer or person executing the warrant of arrest."

Arrest on a criminal charge has been defined as {the apprehending or detaining of the person in order to be forthcoming to answer an alleged or suspected crime . . . In criminal cases the purpose is to assure the answer of the apprehended person to a charge of the commission of crime." (4 Texas Jurisprudence, pages 739-740)

Hon. Alex Jung, page 4

"A peace officer or any other person, may without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.'" (4 Texas Jurisprudence, Section 5, p. 743.)

This department has repeatedly ruled that sheriffs and constables are not entitled to an arrest fee unless a legal arrest is actually made and has likewise held that such officers are not entitled to a commitment fee unless an actual and legal commitment is made.

Opinion No. 0-2788 deals with arrest, commitment and release fees. We quote from said opinion as follows:

"1. The constable is entitled to $2.00 for each legal arrest made. He is entitled to no fees for illegal arrests.

"2. The constable is entitled to $1.00 for executing each valid commitment in misdemeanor cases. The commitment issues only after conviction of a defendant. The 'commitment' or authority for imprisonment, which the constable executes in misdemeanor cases where a pecuniary fine has been adjudged against a defendant, and where the defendant is present, is a certified copy of such judgment, as outlined by Article 787, C. C. P., supra. If in such case the defendant be not present, the 'capias' authorized and described in Articles 788 and 789, C.C.P., supra, is the 'commitment' which the constable executes. Where the judgment is imprisonment in jail, Articles 795 and 796, supra, apply, and the 'commitment' in such cases would be either a certified copy of the judgment or a 'capias', dependent upon the facts involved therein. The constable would execute the 'commitment' by placing the defendant in jail as directed in the order; when this was done by virtue of a valid commitment the constable would have earned his fee and be entitled thereto, if, as and when, same was collected.

". . .

"4. The constable is not entitled to a release fee unless he has the defendant in his <u>actual and legal custody</u> at the time the defendant pays his fine and costs or satisfies same by laying it out in jail and the constable then and there releases the defendant from the force and effect of a judgment restraining him. The term 'release' contemplates a full, final and complete release and discharge from the judgment restraining the defendant."

You state in your letter with reference to the alleged arrest that "the deputy had called the attention of each party to the fact that he was going to file the complaints but did not actually take either into custody, nor did he take a bond." You also state in your letter that the deputy sheriff procured a warrant but never served it. Clearly, the mere statement of the deputy sheriff that he was going to file a complaint would not constitute an arrest.

Since the deputy sheriff neither arrested, committed nor released the defendant he could not lawfully claim fees for same.

You are therefore respectfully advised that under the facts stated the deputy sheriff would not be entitled to any fees whatsoever.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED APR 28, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:AMM

